IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| NORTH AMERICAN SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION FILE NO. _____ |
| PEN PALS PRODUCTIONS, LLC; STEPHEN ROBERT SIMON, STEPHEN MICHAEL SIMON; JASON WELIN; MICHAEL LAMENSDORF and KATHY LAMENSDORF, both Individually and as representatives of the Estate of JOHN HUNT LAMENSDORF; and BRIAN STREEM, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW North American Specialty Insurance Company ("NAS") and files this Complaint for Declaratory Judgment, showing the Court as follows:

**PARTIES**

1.

NAS, plaintiff herein, is a New Hampshire company with its principal place of business in New Hampshire. NAS seeks a declaration of coverage obligations owed under a liability insurance policy issued to Pen Pals Production as the named insured.

2.

Pen Pals Productions, LLC ("Pen Pals") a defendant herein, is a Georgia corporation with its principal place of business in Georgia. Pen Pals may be served through its registered agent, Stephen Robert Simon, at 9100 Four Mile Creek Road, Gainesville, Georgia 30506.

3.

Stephen Robert Simon, a defendant herein, is a citizen of Georgia. He may be served at 9100 Four Mile Creek Road, Gainesville, Georgia 30506.

4.

Stephen Michael Simon, a defendant herein, is a citizen of Georgia. He may be served at 9100 Four Mile Creek Road, Gainesville, Georgia 30506.

5.

Jason Welin, a defendant herein, is a citizen of Georgia. He may be served at 512 Concepts 21 Drive, Norcross, Georgia 30092.

6.

Michael Lamensdorf and Kathy Lamensdorf, defendants herein, are citizens of Florida. They may be served at 3550 Bayou Louise Lane, Sarasota, Florida 34242. As claimants against Pen Pals, they are properly named so they will be bound by any coverage rulings of this Court.

7.

Brian Streem, a defendant herein, is a citizen of New Jersey. He may be served at 54 Heritage Court, Randolph, New Jersey 07869. As a claimant against Pen Pals, he is properly named so he will be bound by any coverage rulings of this Court.

## JURISDICTION AND VENUE

8.

There is complete diversity of citizenship between plaintiff and defendants and the amount in controversy exceeds $75,000.

9.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201.

10.

This insurance coverage concerns coverage for injuries that occurred in the Macon Division for which litigation is pending in the Macon Division. Because a substantial part of the events giving rise to the claim occurred in the Macon Division, venue is proper under U.S.C. § 1391(a)(2).

11.

There is an actual controversy over insurance coverage, including whether NAS owes a defense or indemnity in ongoing liability litigation, such that this Court may declare the rights and obligations of NAS pursuant to 28 U.S.C. § 2201.

12.

Once served, all defendants will be subject to the personal jurisdiction of this Court.

## UNDERLYING CLAIMS

13.

Pen Pals was created to produce a film by Stephen Michael Simon as part of his undergraduate project at New York University.

14.

Crewmembers on the film produced by Pen Pals included John Hunt Lamensdorf (deceased), Brian Streem, and Jason Welin, among others.

15.

On May 28, 2009, the crewmembers were setting up lights for filming when a portion of an aerial lift being operated by crewmember Jason Welin allegedly came into contact with an overhead electrical line. A resulting electrical surge is alleged to have caused the death of crewmember John Hunt Lamensdorf and to have injured crewmember Brian Streem.

16.

Michael and Kathy Lamensdorf, as individuals, parents and representatives of the estate of John Hunt Lamensdorf, filed suit against Pen Pals and others in the United States District Court for the Middle District of Georgia, Macon Division, where it was assigned civil action number 5:09-cv-424-HL. A true and correct copy of the Amended Complaint is attached as Exhibit A.

17.

In Counts Three, Four and Six of their Complaint, the Lamensdorfs assert negligence claims against Pen Pals and others for breaching "the duty to exercise reasonable care under the circumstances of harm and from known and foreseeable dangerous conditions." The enumerated particulars include "the negligent acts and omissions of its agents and employees in positioning and moving the aerial lift and touching the overhead electric power lines."

18.

In Count Seven of their Complaint, the Lamensdorfs assert vicarious liability against Pen Pals, alleging that the negligence of the crewmembers was "within the course and scope of their employment and/or agency with defendant Pen Pals Productions."

19.

NAS is defending Pen Pals, Stephen Robert Simon and Jason Welin in the lawsuit under reservation of rights. A true and correct copy of the Lamensdorf reservation of rights letters are attached as Exhibits B and C.

20.

Brian Streem has separately made a claim against Pen Pals for injuries received on May 28, 2009. A true and correct copy of Mr. Streem's claim is attached as Exhibit D.

21.

NAS has likewise reserved its rights under the policy with respect to the claim asserted by Brian Streem. A true and correct copy of the Streem reservation of rights letter is attached as Exhibit E.

## INSURANCE POLICY PROVISIONS

22.

NAS issued policy number EKG1000030-0 to Pen Pals Productions as the named insured for the period May 22, 2009 to June 5, 2009. A true and correct copy of the policy is attached as Exhibit F.

23.

The NAS policy provides:

> [NAS] will pay those sums that the Insured becomes legally obligated to pay as "damages" because of "bodily

injury"... However, [NAS] will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury"...to which this insurance does not apply. [NAS] will have no duty to indemnify the Insured for any "damages" for "bodily injury"...to which this insurance do not apply.

24.

The NAS policy does not apply to:

"Bodily injury" to:

(1) an employee of the Insured arising out of and in the course of:

(a) Employment by the Insured; or

(b) Performing duties related to the conduct of the Insured's business; or

(2) The spouse, child, parent, brother, or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies:

(1) Whether the Insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share 'damages' with or repay someone else who must pay 'damages' because of the injury.

25.

By endorsement, the NAS policy defines "employee" as "a 'leased worker', 'temporary worker', 'volunteer worker', or any person subject to the guidance, instruction or direction of you or anyone acting on your behalf, including but not

limited to crew and actors." The endorsement defines a "volunteer worker" as a "person who donates his or her work or acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you."

26.

By endorsement, the NAS policy excludes coverage for bodily injury "asserted by any insured under this policy against any other insured under this policy."

27.

Under the NAS policy, Pen Pals' employees are not "insureds" for bodily injury "to a 'co-employee' while in the course of his or her employment or performing duties related to the conduct of [Pen Pals'] business, or to [Pen Pals'] other 'volunteer workers' while performing duties related to the conduct of [Pen Pals'] business."

28.

To the extent that Pen Pals is found liable for the claims asserted, the film's crewmembers would have been subject to the guidance, instruction and direction of Pen Pals and therefore "employees" within the meaning of the policy.

8

29.

To the extent that Pen Pals is found liable for the claims asserted, the injuries to Lamensdorf and Streem would have arisen out of and in the course of their employment by Pen Pals within the meaning of the NAS policy or performing duties related to the conduct of Pen Pals' business.

## RELIEF SOUGHT

30.

Based on all the terms, conditions, and exclusions in the policy (whether expressly mentioned or identified in this Complaint or not), as well as under relevant legal principles and public policy concerns, NAS seeks a declaration as to its obligations to defend and/or indemnify the claims asserted in the underlying claims.

WHEREFORE, NAS prays that the Court:

(a)   Declare that NAS has no duties to defend or indemnify the claims asserted in the underlying claims;

(b)   Award other and further relief as is just and proper; and

(c)   Convene a jury to resolve all issues so triable.

FREEMAN MATHIS & GARY, LLP

/s/ Philip W. Savrin
Philip W. Savrin
Georgia Bar No. 627836
Joshua B. Portnoy
Georgia Bar No. 940597
Attorneys for Plaintiff

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
T: (770) 818-0000
F: (770) 937-9960
VJB3005