## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **NORTH AMERICAN SPECIALTY INSURANCE COMPANY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **CIVIL ACTION NO. 5:10-CV-191 (MTT)** |
| **PEN PALS PRODUCTIONS, LLC,** *et. al,* | ) ) ) | |
| **Defendants.** | ) ) | |

## ORDER

This matter is before the Court on Defendant NES Equipment Services Corporation's Motion for Entry of Final Judgment. (Doc. 97). NES seeks an entry of default judgment pursuant to Fed. R. Civ. P. 54(b) because the issue of coverage for its crossclaim against Pen Pals Productions, LLC in the underlying tort action is "completely severable" from the issue of coverage for the Lamensdorf Defendants' claims against Pen Pals in the underlying tort action.

Pursuant to Fed. R. Civ. P. 54(b), "[w]hen an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." "A district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980). "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck &*

*Co. v. Mackey*, 351 U.S. 427, 436 (1956)). After a court finds finality, it must determine whether there is any just reason for delay. *Curtiss-Wright Corp.*, 446 U.S. at 8.

Here, the Court granted NES' Cross-Motion for Summary Judgment to the extent it sought a declaration that the Rental Agreement is an "insured contract." (Doc. 95). The Court's determination that the Rental Agreement is an insured contract was a judgment because it was a decision upon a cognizable claim for relief. It was final because it ultimately disposed of the issue of whether Plaintiff North American Specialty Insurance Company's Commercial General Liability policy provides coverage for NES' crossclaim. However, the Court finds just reason for delay because the remaining issues in this action will be brought to trial during the week of August 22, 2011, and the Court expects that all coverage issues will be resolved shortly. Accordingly, the Motion for Entry of Final Judgment is **DENIED**.

**SO ORDERED**, this the 8th day of August, 2011.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT